IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr220

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARICCO EUGENE SHERRILL, | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the defendant's letter motions to be placed in drug treatment and at institution closer to Charlotte, North Carolina (Doc. No. 29); and to defer financial payments until his release from custody (Doc. No. 30).

The defendant is serving a sentence at the Fort Dix (New Jersey) Federal Correctional Institution following his conviction for drug and firearms offenses. (Doc. No. 26: Judgment; Doc. No. 29: Motion at 1). The Court recommended that the defendant be placed close to Charlotte and that he receive statutory benefits of drug treatment, if eligible. The defendant seeks the Court's help in overcoming the Bureau of Prisons' (BOP) decision that he is not eligible for the drug program and its choice of institution. However, the Court does not have the authority to override such decisions by the BOP, absent the exhaustion of administrative remedies.

Additionally, the Court ordered that payment of the penalties was to begin immediately. (Doc. No. 26: Judgment at 5). The Court recommended that the defendant participate in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP), and ordered that any balance remaining after imprisonment be paid in monthly installments while on supervised release. (Doc. No. 26: Judgment at 5). The defendant seeks help in preventing the institution from attempting to collect payments, presumably through the IFRP. (Doc. No. 30: Motion). He

complains that he is subject to losing privileges because he can not comply with the terms offered by the BOP. (Doc. No. 30: Motion at 1).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. United States v. Hudson, 221 Fed. Appx. 255, 256 (4th Cir. 2007). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is incarcerated within the District of New Jersey. Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that he exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 Fed. Appx. 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. § 1631.

**IT IS, THEREFORE, ORDERED** that Defendant's letter motion regarding drug treatment and his institution (Doc. No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that his motion regarding financial payments (Doc. No. 30) is **DISMISSED WITHOUT PREJUDICE** to file an action in the appropriate district court at the proper time.

Signed: August 14, 2008

Robert J. Conrad, Jr.
Chief United States District Judge